IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK THOMAS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-1272-O |
| | § | |
| COOK CHILDREN'S HEALTH CARE SYSTEM, | § | |
| COOK CHILDREN'S PHYSICIAN NETWORK, | § | |
| AND COOK CHILDREN'S MEDICAL CENTER, | § | |
| and in their individual and official capacities, RICK | § | |
| MERRILL, NANCY CYCHOL, W. BRITT | § | |
| NELSON, LARRY REAVES, and DONALD BEAM, | § | |
| | § | |
| Defendants | § | |

**PLAINTIFF'S PRETRIAL OBJECTIONS TO DEFENDANTS' WITNESS LIST**

Pursuant to the Court's March 3, 2021 Scheduling Order, as amended on October 5, 2021 and February 4, 2022, Plaintiff Dr. Patrick Thomas serves the following objections to Defendants' witness list.

Plaintiff Thomas reserves all right to make appropriate form objections to the questions asked by Defendants' counsel of these witnesses and appropriate Federal Rule of Evidence objections to questions asked and answers given by these witnesses, especially as Defendants' "Subject of Testimony" descriptions for these witnesses indicate that Defendants' counsel may attempt to solicit inadmissible hearsay (FRE 802) from these witnesses, information beyond the individual witnesses' personal knowledge (FRE 602), improper expert opinions from lay witnesses (FRE 701, 702 and 704), and improper testimony on the ultimate issue of whether Dr. Thomas was discriminated or retaliated against (FRE 701, 702 and 704).

### I. DEFENDANTS' PROBABLE WITNESSES

| Witness | Plaintiff's Objections | Also on Plaintiff's Witness List? |
|---|---|---|
| Dr. Donald Beam | No objection to Dr. Beam being called to testify as a lay witness. | Yes. |
| Dr. Napoleon Burt | No objection to Dr. Burt being called to testify as a lay witness. | Yes. |
| Valerie Gibbs | No objection to Ms. Gibbs being called to testify as a lay witness. | Yes. |
| Dr. W. Britt Nelson | No objection to Dr. Nelson being called to testify as a lay witness. | Yes. |
| Dr. Maria Perez | No objection to Dr. Perez being called to testify as a lay witness. | Yes. |
| Dr. Larry Reaves | No objection to Dr. Reaves being called to testify as a lay witness. | Yes. |
| Dr. Ray Rhodes | No objection to Dr. Rhodes being called to testify as a lay witness. | Yes. |
| Dr. Patrick Thomas | No objection to Dr. Thomas being called to testify. | Yes. |
| Tracey R. Wallace | No objection to Ms. Wallace being called to testify live, in-person as a lay witness as to relevant facts within her personal knowledge, however Plaintiff objects to any attempt by defendant (a) to offer Rule 702 opinions by this witness; (b) to offer Rule 701 opinions by this witness that violate Rule 701 or (c) to confuse the jury as to whether Ms. Wallace is testifying as an expert or lay witness.<br><br>Please see Plaintiff's Pre-Trial Objections to Defendant's Deposition Designations for Plaintiff's Fed. R. Civ. Proc. 32 and other objections to Defendants' designation of portions of Ms. Wallace's deposition. | Yes. |

| | | |
|---|---|---|
| Valerie Warren | No objection to Ms. Warren being called as a lay witness to testify at trial as to relevant facts within her personal knowledge, however Plaintiff objects to any attempt to use Ms. Warren to offer improper opinions under Rule 701, 702, and 704. Defendants did not disclose nor designate any member their Human Resources department as expert-witnesses. | Yes. |

## II.   POSSIBLE WITNESSES

| Witness | Plaintiff's Objections | Also on Plaintiff's Witness List? |
|---|---|---|
| Bruce Beasley | No objection to Bruce Beasley being called to testify as a lay witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Eden Beebe | No objection to Eden Beebe being called to testify as lay witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung. | No. |

|  | If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. |  |
|---|---|---|
| Dr. Matthew Carroll | No objection to Dr. Carroll being called to testify as a lay witness. | No. |
| Laura Copeland | No objection to Ms. Copeland being called as a lay witness to testify at trial as to relevant facts within her personal knowledge, however Plaintiff objects to any attempt by Defendants to use the attorney-client privilege and/or work product doctrine as both a sword and a shield and further objects to any attempt to use its in-house counsel to offer improper opinions under Rule 701, 702, and 704. Defendants did not disclose nor designate its in-house counsel as expert-witnesses and has maintained attorney-client privilege and work product objections to their internal communications and work product. | No. |
| Erin Cribbs | No objection to Erin Cribbs being called to testify as witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.

If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Nancy Cychol | No objection to Ms. Cychol being called to testify as a lay witness. | Yes. |
| Carla Davis | Defendants did not list Carla Davis as a witness on their Initial Disclosures or Amended Initial Disclosures. Plaintiff will | No. |

|  | refrain from objecting to Ms. Davis's testimony on that basis so long as Defendants extend the same courtesy as to Dr. John Pfaff as both sides of have learned of Ms. Davis and Dr. Pfaff as potential witnesses in this case at during ongoing discovery in the case. If Defendants' do not extend such courtesy, then Plaintiff lodges a Fed. R. Civ. Proc. 26 objection to this witness. |  |
|---|---|---|
| Jarrett Dawson | No objection to Jarrett Dawson being called to testify as lay witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Arlisha Forbes | No objection to Arlisha Forbes being called to testify as lay witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Joseph Gallagher | No objection to Mr. Gallagher being called as a lay witness to lay testify at trial as to relevant facts within his personal knowledge, however Plaintiff objects to any attempt by Defendants to use the attorney-client privilege and/or work product doctrine as | Yes. |

| | | |
|---|---|---|
| | both a sword and a shield and further objects to any attempt to use its in-house counsel to offer improper opinions under Rule 701, 702, and 704. Defendants did not disclose nor designate its in-house counsel as expert-witnesses and has maintained attorney-client privilege and work product objections to their internal communications and work product. | |
| Tammy Hamilton | FRE 402. Ms. Hamilton's testimony does not speak to any of the legitimate non-discriminatory reasons Defendants identified for the adverse employment actions taken against Dr. Thomas. | No. |
| Dr. Jose Iglesias | No objection to Dr. Iglesias being called to testify as a lay witness so long as any there are no motion in limine rulings that limit the questions Plaintiff's counsel can ask of this witness. At least one of Defendants' intended motions in limine, if granted, would create an FRE 403 objection to this witness being called under circumstances that hamstring Plaintiff's counsel' ability to ask pertinent cross-examination questions, pertinent impeachment questions, and other key questions on relevant knowledge possessed by this witness. | Yes. |
| Dr. Marty Knott | No objection to Dr. Knott being called to testify as lay witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Dr. Michelle Marcincuk | No objection to Dr. Marcincuk being called to testify at trial as a lay witness. | No. |

| | | |
|---|---|---|
| Sandy Martin | No objection to Ms. Martin being called to testify at trial as a lay witness. | No. |
| Rick Merrill | No objection to Mr. Merrill being called to testify at trial. | Yes. |
| Jay Pearson | No objection to Jay Pearson being called to testify as witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Elise Porras | No objection to Elise Porras being called to testify as witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |
| Susan Purdie | No objection to Dr. Purdie being called to testify at trial. | No. |
| Dr. Joann Sanders | No objection to Dr. Sanders being called to testify at trial. | No. |
| Beth Schmidt | No objection to Ms. Schmidt being called as a lay witness to testify at trial as to relevant facts within her personal knowledge, however | Yes. |

| | Plaintiff objects to any attempt to use Ms. Warren to offer improper opinions under Rule 701, 702, and 704. Defendants did not disclose nor designate any member their Human Resources department as expert-witnesses. | |
|---|---|---|
| Dr. John "Chip" Uffman | No objection to Dr. Uffman being called to testify at trial. | Yes. |
| Carol Wise | No objection to Carol Wise being called to testify as witness, so long as Plaintiff is similarly allowed to offer comparable testimony of a comparable scope by his designated witnesses on this topic – namely Nurses Benji Flores, Jane Kimmey, and Lewis Williams and Drs. Chanda Simpson and Robert Ursprung.<br><br>If any of Plaintiff's witnesses' testimony are limited under Rule 404, as cumulative testimony, or for any other reason, then the testimony of Defendants' witnesses must be so limited as well. | No. |

## III. EXPERTS

| Witness | Plaintiff's Objections | Also on Plaintiff's Witness List? |
|---|---|---|
| Wesley D. Millican | Plaintiff objects to Mr. Millican testifying as an expert or lay witness.<br><br>Plaintiff's Daubert, Rule 702, Rule 402, and Rule 403 objections to Mr. Millican testifying as an expert witness are set forth in Plaintiff's Motion to to Exclude Wes Millican as an Expert and To Strike His Report and Testimony and Brief in Support Thereof, which was e-filed on March 7, 2022 as ECF Doc. # 100.<br><br>Plaintiff objects under Rule 701, Rule 602, Rule 402, and Rule 403 to Mr. Millican testifying as a | No. |

Case 4:20-cv-01272-O   Document 110   Filed 03/16/22   Page 9 of 10   PageID 10049

| | | |
|---|---|---|
| | lay witness as he does not have personal knowledge of any facts that are actually relevant to the case, any opinions or generalized professional knowledge he would offer as a lay witness would violate Rules 702 and 701 and be more prejudicial than probative under Rule 403. | |
| Dr. Helen Reynolds | So long as the Court denies Defendants' Motion to Strike and Exclude Plaintiff's Experts Thomas Roney and Nik Volkov, then Plaintiff has no objection to Defendants calling Ms. Reynolds as their rebuttal expert witness on the matter of Plaintiff's economic damages.<br><br>Mr. Roney, Mr. Volkov, and Dr. Reynolds are all equally qualified to testify as damages experts on the matter of Plaintiff's economic damages.<br><br>Should the Court exclude Thomas Roney or Nik Volkov from testifying on any grounds, however, than Ms. Reynolds' testify should be excluded on those same grounds, and under Federal Rule of Civil Procedure 403 because it would be prejudicial for the Court to exclude Plaintiff's equally qualified damages expert yet allow only Defendants' damages expert to testify without rebuttal from Plaintiff's expert. | No. |

Date:  March 16, 2022                    Respectfully submitted,

**STACEY GRAY PC**

*/s/ Stacey M. Gray*
Stacey M. Gray
Bar No. 2985943NY (Admitted *Pro Hace Vice*)
sgray@staceygray.com
60 East 42 Street, Suite 4600
New York, NY 10165
Telephone: (212) 227-9163
Facsimile: (212) 227-8845

**TREMAIN ARTAZA, PLLC**

*/s/ Christine A. Hopkins*
Christine A. Hopkins

*Plaintiff's Pretrial Objections to Defendants' Witness List*                    Page 9

        Texas State Bar No. 24095768
        christine@tremainartaza.com
        4925 Greenville Ave, Ste 200
        Dallas, TX 75206
        Telephone:  469-573-0297
        Facsimile:   214-254-4941

        **SANDFORD FIRM**

        */s/ Brian Sandford*
        Brian Sanford
        Texas State Bar No. 17630700
        bsanford@sanfordfirm.com
        1910 Pacific Avenue, Suite 15400
        Dallas, TX 75201
        Telephone: (214) 717-6653
        Direct: (464) 361-9111
        Facsimile: (214) 919-0013

        /s/ Elizabeth Jane "BB" Sanford
        1910 Pacific Avenue, Suite 15400
        Texas State Bar No. 24100618
        esanford@sandordfirm.com
        Dallas, TX 75201
        Telephone: (214) 717-6653
        Direct: (464) 361-0122
        Facsimile: (214) 919-0113

        *ATTORNEYS FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

    I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on March 16, 2022.

                                   */s/ Christine A. Hopkins*
                                     Christine A. Hopkins