IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PATRICK THOMAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:20-cv-1272-O |
| COOK CHILDREN'S HEALTH CARE SYSTEM § | |
| et al., § | |
| § | |
| § | |
| Defendants. § | |
| § | |

**REPLY IN SUPPORT OF DEFENDANTS' BILL OF COSTS**

Steven H. Stodghill
Tex. Bar No. 19261100
sstodghill@winston.com
Geoffrey S. Harper
Tex. Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Tex. Bar No. 24069747
mgaddis@winston.com
Claire E. Dial
Tex. Bar No. 24116283
cdial@winston.com

**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: 1-214-453-6500
Telefax: 1-214-453-6400

Cardelle B. Spangler
Ill. Bar No. 6242570
cspangler@winston.com
Admitted *Pro Hac Vice*

**WINSTON & STRAWN LLP**
35 West Wacker Drive, Suite 40
Chicago, IL 60601
Telephone: 1-312-558-5600
Telefax: 1-312-558-5700

*ATTORNEYS FOR DEFENDANTS*

Defendants file this reply in support of their Bill of Costs and show the Court as follows:

Defendants filed a Bill of Costs seeking $28,917.67. In his Response, Plaintiff does not dispute that Defendants are entitled to costs of $23,539.67. He solely disputes process server costs of $5,378.00. In that regard, Plaintiff argues that (1) private process server fees are not recoverable; (2) Defendants should not recover these costs as there was no need for these subpoenas; and (3) that Defendants should not recover these costs as Plaintiff was not provided copies of correspondence with the subpoenaed entities. None of these positions have merit.

<u>First</u>, while Plaintiff argues that the Fifth Circuit does not allow prevailing parties to recover private process server fees, such an argument is clearly inconsistent with Fifth Circuit precedent allowing recovery in "exceptional circumstances." *Marmillion v. American Intern. Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010). Due to Plaintiff's delay and vague discovery responses, Defendants were forced to serve the subpoenas at the end of the discovery period and only a short time before the summary judgment deadline, thus requiring expeditious service of each subpoena. Simply put, Defendants could not have utilized the U.S. Marshals for process due to the time constraints engendered by Plaintiff's constantly shifting discovery responses and late production. However, given the relative cost of such service, if the Court determines that Defendants should only recover the amount that would have been charged by the U.S. Marshal Service, Defendants' cost total for the subpoenas served would be $1,485.00, as each of the 27 subpoenas were served in person, and the current Marshal rate for in-person service is $55.00. Therefore, Defendants' total costs in this matter would be $25,024.67.

<u>Second</u>, Plaintiff's suggestion that there was no need for these subpoenas is at odds with the clear facts here. To avoid any claims of subjectivity or bias, Defendants refer the Court to Plaintiff's Trial Exhibit 427 (which he labeled on his Exhibit List as "Mitigation"). This 10,000+

page exhibit is everything that Plaintiff produced regarding his alleged mitigation efforts. And, as the Court can see, the production is woefully incomplete. There is a summary created by Plaintiff of alleged job interviews and contacts for which no supporting documents were produced. Plaintiff's email production shows gaps as prospective employers refer to other emails that were not produced. And with Plaintiff refusing to answer deposition questions or provide further documents, subpoenas to the identified companies were the only way to obtain the information needed.

Third, Plaintiff's suggestion of "misconduct" is both absurd and irrelevant. Plaintiff is correct in noting that his counsel asked Defendants' counsel to provide them with certain specific materials outside of the discovery process, many of which Defendants declined to provide noting that they were not subject to discovery. Plaintiff apparently agreed and chose not to pursue the matter – or raise it again – until now. Such actions are not in any way misconduct. Moreover, even if Plaintiff's assertions were correct, they are irrelevant to the issue of costs. No rule or court has ever held that costs can be refused under such circumstances. That being said, just as Plaintiff requested in its Response, if the Court feels that Plaintiff is entitled to copies of all written correspondence that Defendants had with the various subpoenaed parties, Defendants are more than prepared to comply.

For these reasons, the Court should grant Defendants' Petition for Costs in the amount of $28,917.67. Alternatively, if the Court chooses to limit Defendants' recovery of service fees to match the rates of the U.S. Marshal, the Court should award costs of $25,024.67

Date: June 21, 2022            Respectfully submitted,

/s/  Geoffrey S. Harper

Steven H. Stodghill
TX Bar No. 19261100
sstodghill@winston.com
Geoffrey S. Harper
TX Bar No. 00795408
gharper@winston.com
John Michael Gaddis
Tex. Bar No. 24069747
mgaddis@winston.com
Claire E. Dial
TX Bar No. 24116283
cdial@winston.com

**WINSTON & STRAWN LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
T: 1-214-453-6500
Facsimile: 1-214-453-6400

Cardelle B. Spangler
IL Bar No. 6242570
CSpangler@winston.com
*Pro Hac Vice*

**WINSTON & STRAWN LLP**
35 West Wacker Drive, Suite 40
Chicago, IL 60601
T: 1-312-558-5600
F: 1-312-558-5700

***ATTORNEYS FOR DEFENDANTS***

## CERTIFICATE OF SERVICE

    The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's EM/ECF system on June 21, 2022.

                                                /s/ *Geoffrey S. Harper*
                                                Geoffrey S. Harper