IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PATRICK THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01272-O |
| | § | |
| COOK CHILDREN'S HEALTH CARE SYSTEM, *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion for Award of Defense Expenses and Attorneys' Fees with supporting brief (ECF No. 138) filed by Defendants Cook Children's Health Care System ("Cook") and other defendants the ("Individual Defendants") (collectively "Defendants"); Plaintiff's Response and Brief (ECF No. 145); and Defendants' Reply (ECF No. 148). On August 2, 2022, United States District Judge Reed O'Connor referred the Motion and related responses, replies, briefs, appendices, etc. to the undersigned. ECF No. 149. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendants' Motion. ECF No. 138.

**I.    BACKGROUND**

This case is an employment discrimination suit. ECF No. 1. Plaintiff Dr. Patrick Thomas ("Thomas") worked as a pediatric surgeon at Cook for approximately twelve years. *Id.* at 6. After years of event reports and complaints about Thomas's behavior, investigations and corresponding repercussions, subsequent discrimination allegations, and a recommendation that Thomas's

credentials be renewed subject to conditions that he ultimately refused to sign, Thomas's employment came to an end when he allowed his credentials to expire. ECF No. 133 at 2-12.

About nine months after his departure, Thomas filed suit against Cook. ECF No. 1. He initially brought fifteen claims, including hostile work environment, retaliation, intersectional (race plus sex) discrimination, disability discrimination under the Americans with Disabilities Act, and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Texas Labor Code. *Id.* Cook and the Individual Defendants jointly moved to dismiss Thomas's complaint for failure to state a claim. ECF No. 13. Judge O'Connor granted the Motion only as to the disability and hostile work environment claims. ECF No. 21. Cook and the Individual Defendants thereafter sought summary judgment on the remaining claims, namely race discrimination, intersectional (race plus sex) discrimination, and retaliation. ECF Nos. 58, 59. Judge O'Connor granted each of Defendants' Motions for Summary Judgment on all remaining claims. ECF No. 133. Defendants filed the instant Motion for Attorneys' Fees (ECF No. 145), which now is ripe for the Court's review.

## II. LEGAL STANDARDS

### A.   42 U.S.C. § 11113

Under 42 U.S.C. § 11113, a hospital that has conducted a professional review action may

> in any suit brought against a defendant, to the extent that a defendant has met the standards set forth under section 11112(a) of this title and the defendant substantially prevails, the court shall, at the conclusion of the action, award to a substantially prevailing party defending against any such claim the cost of the suit attributable to such claim, including a reasonable attorney's fee, if the claim, or the claimant's conduct during the litigation of the claim, was frivolous, unreasonable, without foundation, or in bad faith.

42 U.S.C. § 11113 (2023).

### B.     Recovery under 42 U.S.C. §§ 1988 and 2000e-f(k), and Tex. Lab. Code § 21.259

Under 42 U.S.C. §§ 1988 and 2000e-f(k), and Tex. Lab. Code § 21.259, the Court, in its discretion, may allow the prevailing plaintiff, other than the United States, to "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *See* 42 U.S.C. §§ 1988, 2000e-f(k) (2023); Tex. Lab. Code. § 21.259 (West 2023); *see also Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978). The purpose of allowing awards of attorneys' fees under civil rights statutes is to ensure "'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (citing *Christiansburg*, 434 U.S. at 421).

When a defendant prevails in a civil rights case, however, the policy considerations that support the award of fees to a prevailing plaintiff are absent. *Christiansburg*, 434 U.S. at 418-19. In that event, "[a] successful defendant seeking counsel fees ... must rely on quite different equitable considerations." *Id.* at 419. While Congress wanted to "make it easier for a plaintiff of limited means to bring a meritorious suit," it also "wanted to protect defendants from burdensome litigation having no legal or factual basis." *Id.* at 420.

Following this precedent, a district court may award attorneys' fees to a prevailing defendant in a civil rights suit "only upon a finding that the plaintiff's action was frivolous or unreasonable..." *Hensley*, 461 U.S. at 429. A suit is frivolous when it is "so lacking in arguable merit as to be groundless or without foundation." *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999). The dismissal of a plaintiff's suit alone does not establish that the underlying claim was frivolous, unreasonable, or groundless. *See Hughes v. Rowe*, 449 U.S. 5, 15 (1980) (vacating an award of attorney's fees where allegations were properly dismissed for failure to state a claim). "The 'stringent standard applicable to defendants is intended to ensure that plaintiffs with uncertain

3

but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail.'" *Myers v. City of West Monroe*, 211 F.3d 289, 292 n.1 (5th Cir. 2000) (quoting *Aller v. N. Y. Bd. of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984)). Claims under Chapter 21 of the Texas Labor Code also follow federal antidiscrimination precedent when assessing whether a prevailing defendant can recover attorneys' fees. *Playoff Corp. v. Blackwell*, 300 S.W.3d 451, 459 (Tex. App.—Fort Worth 2009, pet. denied)

In determining whether a suit is frivolous, the Fifth Circuit has approved consideration of factors such as "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers*, 211 F.3d at 292. No single factor is controlling, and the court should decide whether a claim is frivolous on a case-by-case basis. *Doe v. Silsbee Ind. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011). In making this determination, courts should be mindful to avoid post hoc analysis. *Id.* (citing *Christiansburg*, 434 U.S. at 421).

However, even if a court finds that a claim was frivolous, it retains discretion to deny a fee request in view of the circumstances of a particular case. *Williams-Boldware v. Denton Cty.*, No. 4:09-cv-591, 2013 WL 12242263, at *1 (E.D. Tex. Jan. 3, 2013) ("A determination that a complaint was frivolously filed, however, does not require *a fortiori* an award of attorneys' fees to even a prevailing Defendant.") (citing *Tang v. R.I. Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998)). Finally, the fee applicant "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

### III.   ANALYSIS

Cook seeks to recover its attorneys' fees under four different statutes: 42 U.S.C. § 11113 (professional review actions), 42 U.S.C. § 1988 (§ 1981 claims), 42 U.S.C. § 2000e-f(k) (Title VII claims), and Tex. Lab. Code § 21.259 (Texas Labor Code Claims). The first statute applies when

4

a hospital has conducted a qualifying professional review action. 42 U.S.C. § 11113. The remaining statutes apply when a defendant substantially prevails in an employment discrimination case. Judge O'Connor should deny the Motion pursuant to each of the four statutes.

### A. Cook is not entitled to attorneys' fees under 42 U.S.C. § 11113 because Thomas's claims were not frivolous or without foundation.

Defendants argue that this statute applies because they meet the requirements for a "professional review action." ECF No. 138 at 8-9. The reviewing court is to presume that a professional review action meets the standards unless it is "rebutted by a preponderance of the evidence." *Id;* § 11112. Because these requirements apply and Thomas failed to rebut the presumption, Cook argues that fees are recoverable as Thomas's "claims or conduct were frivolous, unreasonable, without foundation, or in bad faith." ECF No. 138 at 9; 42 U.S.C. § 11113. Cook contends that Thomas unreasonably pursued a claim after he discovered that it had no merit, harassed Cook during discovery, and burdened Defendants with "vexatious and duplicative filings." ECF No. 138 at 9. Thomas responds that § 11113 does not apply because Cook's review procedure was "broken," and Cook failed to put Thomas on notice of the applicable claim for attorneys' fees under the statute, thereby waiving it. ECF No. 145 at 28-30.

To determine whether a suit was frivolous, the Court must assess Thomas's claim at the time of filing suit and cannot retroactively assign value, or lack of value, to his claim. *See Holloway v. Walker,* 784 F.2d 1294, 1296 (5th Cir.1986). The Court previously denied Cook's Motion to Dismiss, finding that Thomas had alleged sufficient facts in his pleadings to make plausible claims for relief. ECF No. 21. The suit is not frivolous or unreasonable simply because Cook alleges that Thomas fabricated facts to survive the Motion to Dismiss (ECF No. 148 at 2). Defendants did not seek sanctions under Rule 11 or otherwise, which would have been the

5

appropriate remedy if they believed that Thomas's pleadings included false claims. Fed. R. Civ. P. 11(c)(2)-(3). Likewise, the Court did not *sua sponte* sanction Thomas.

Based on a review of the merits of the case, the undersigned finds that Thomas's claims were fully briefed with detailed and complicated issues of discrimination and retaliation to which he provided some evidence. ECF No. 145. Even though the Court found that his evidence was insufficient to overcome Defendants' summary judgment pleadings and evidence, this finding does not mean that Thomas's claims were frivolous or groundless. *See Gil Ramirez Group, LLC v. Houston Indep. Sch. Dist.,* No. 4:10–CV–4872, 2014 WL 4185742 (S.D. Tex. Aug. 15, 2014) (finding that plaintiff's suit was not frivolous, even though all claims were dismissed on summary judgment, because plaintiff's claims survived two motions to dismiss and required hundreds of pages of briefing).

Accordingly, the undersigned concludes that Thomas's claims were not frivolous, groundless, or unreasonable, and consequently recommends that Judge O'Connor not award Cook attorney's fees under § 11113.

**B.  Cook is not entitled to attorneys' fees under the prevailing party provisions in §§ 1988 and 2000e-f(k) and Tex. Lab. Code § 21.259 because Thomas's claims were not meritless, unreasonable, or made in bad faith.**

Cook contends that it was the prevailing party because the Court dismissed all of Thomas's claims. ECF No. 138 at 15. As a prevailing party, Cook seeks an award of fees and expenses because Thomas's claims and conduct during the litigation were "frivolous, meritless, unreasonable, or the plaintiff continued to litigate after it became clear that the claim was frivolous." *Id.; see Stelly v. C.I.R.,* 804 F.2d 868, 870 (5th Cir. 1986).

Specifically, Cook argues that Thomas's disability and hostile work environment claims were frivolous because Judge O'Connor granted Defendants' Motion to Dismiss on those issues.

6

ECF No. 138 at 17. Further, Cook asserts that Thomas added new allegations only days before the summary judgment deadline, including a constructive discharge claim. *Id.* at 18. Cook also contends that Thomas pursued claims against hospital executives in "an effort to maximize pressure and extort a settlement, only dropping these claims rather than respond to their Motion for Summary Judgment." *Id.* at 19. Finally, Cook denies that the conditions placed on Thomas's credential renewal equated to an adverse employment action for purposes of his discrimination claims. *Id.*

Cook maintains that Thomas's conduct throughout the litigation was unreasonable. *Id.* at 19-22. It argues that Thomas was the obstructionist, refusing to answer questions in deposition and speaking for hours "while reading the paper in an effort to run out the deposition clock." *Id.* at 20. It further alleges that Thomas's discovery responses provided "a constantly shifting series of allegations that were improper both in substance and timing." *Id.* Cook says that Thomas initially refused to provide even minimal explanations. *Id.* Mere hours before his deposition, Thomas amended his disclosures to identify more than 200 claims of discrimination and retaliation, and days before summary judgment motions were due, he amended his discovery again to claim over 1,000 comparators and hundreds of new claims. *Id.* Finally, Cook argues that Thomas's demands regarding documents "were made in bad faith and designed solely to dramatically raise the cost of litigation." *Id.* at 21. Thomas did so, according to Cook, by consistently demanding documents be produced and redacted on "an extraordinarily tight timeline." *Id.*

Thomas responds that plausible arguments of law and fact supported each of his claims against Cook. ECF No. 145 at 20-24. He cites Fifth Circuit authority regarding his adverse employment action and alternative constructive discharge claim. *Id.* at 20-21; *see Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 520 (5th Cir. 2001); *Adcock v. Sunquest Prop.*, 421

7

F. App'x 446, 448-50 (5th Cir. 2011). He notes that though his opposition to the Defendants' Summary Judgment pleadings was unsuccessful, he produced some evidence supporting his discrimination and retaliation claims. ECF No. 145 at 14-18.

As to Thomas's conduct during discovery, he claims that Cook impeded the process due to "delayed communications," "an insistence on producing redacted documents," and "document deficiencies in Defendants' production" resulting in his delayed deposition. *Id.* at 24-25. Thomas points to the undersigned's ruling on Cook's Motion relating to discovery in support of his arguments. ECF No. 145 at 26-27; *see* Order on Emergency Motion for Extension of Time to File Dispositive Motions and Motion to Strike at ECF No. 67. Additionally, Thomas says that on more than one occasion Defendants filed motions that they later withdrew, including a Motion to Reopen Plaintiff's Deposition, a Motion to Compel, and a supplemental Motion during the summary judgment phase. ECF No. 145 at 25-26. Thomas contends that at no time throughout that process did the Court enter sanctions against him or award Cook attorneys' fees that they requested. *Id.* at 26.

The Court notes that it previously denied both sides' earlier requests for attorneys' fees in connection with protracted and contentious discovery disputes. ECF Nos. 34, 67. Courts are generally reluctant to award fees to a prevailing defendant unless the plaintiff "refused to acknowledge clear precedent or asserted a claim which was based knowingly on a nonexistent interest." *Pisharodi v. Valley Baptist Med. Ctr.*, 393 F. Supp. 2d 561, 578 (S.D. Tex. 2005) (citations and internal quotation marks omitted). This is especially so in cases involving alleged meritless claims of discrimination and retaliation. *Tutton v. Garland Indep. Sch. Dist.,* 733 F. Supp. 1113, 1118 (N.D. Tex. 1990) ("before determining that a race discrimination claim is sufficiently

baseless, or the prefiling inquiry of counsel or his client so lacking, as to warrant the imposition of sanctions, judges should appropriately account for the nature of the claim.").

Looking to the factors the Fifth Circuit applied in *Myers*, the Court concludes that Cook was entitled to summary judgment because Thomas failed to produce enough evidence that would permit a reasonable jury to find that he suffered an adverse employment action or that Defendants retaliated against him due to a protected activity. *Myers*, 211 F.3d at 292. But failing to establish a prima facie case in a Title VII suit does not necessarily mean that the claims were without foundation. *Tutton,* 733 F. Supp. at 1118. Judge O'Connor's Memorandum granting summary judgment to the Defendants recognized that although the Court granted their Motions, a fact dispute existed concerning the adverse employment action element for Thomas's discrimination and retaliation claims. ECF No. 133 at 30. Thomas also presented two comparators in support of the fourth element of his discrimination claim, which Judge O'Connor also thoroughly evaluated in his opinion. *Id.* at 22-26. Thomas submitted hundreds of pages of evidence in support of his claims during the summary judgment phase. ECF Nos. 71, 72, 84, 85. He provided enough evidence to warrant a thirty-three-page opinion analyzing each element of both his discrimination and retaliation claims. ECF No. 133; *see Rudkin v. Roger Beasley Imps., Inc.,* A:17-cv-849-LY, 2017 WL 6622561 at *3 (W.D. Tex. Dec. 28, 2017) *aff'd by* 2018 WL 2122896 (W.D. Tex. Jan. 31, 2018) (a claim is considered frivolous where there is no evidence to support it). In June 2023, Thomas filed a notice of appeal to the Fifth Circuit. ECF No. 151. The first *Myers* factor weighs in Thomas's favor.

Regarding the second *Myers* factor, the Fifth Circuit has recognized "whether a defendant offers to settle is of questionable value in determining whether the plaintiff's claims are frivolous." *Myers*, 211 F.3d at 292. Nevertheless, the Court notes that Cook offered to settle with

Thomas on two separate occasions throughout this litigation. ECF No. 145 at 13. Although its value is limited, the second factor also leans in Thomas's favor.

As to the third *Myers* factor, it is undisputed that the Court dismissed Thomas's claims against Cook at summary judgment for failure to produce sufficient evidence to warrant a jury trial. *Myers*, 211 F.3d at 293. This factor is not dispositive, however. *See Hidden Oaks Ltd. v. City of Austin,* 138 F.3d 1036, 1053 (5th Cir. 1998) (holding that dismissal prior to trial is not in itself sufficient to establish that the underlying claims were frivolous). Although Thomas ultimately failed to succeed on his claims, "[a]llegations that, upon careful examination, prove legally insufficient ... are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.*" *Hughes*, 449 U.S. at 15-16. Nor is it a reason to find that his claims were knowingly frivolous. *Myers*, 211 F.3d at 293; *see Sipe v. Norris,* No. 3:17-CV-1165-S-BT, 2019 WL 1430434 *8-9 (N.D. Tex. 2019). Finally, the Court notes that Cook contends that Thomas's allegations against the hospital executives were frivolous and then claims bad faith when he decided not to pursue those claims in response to Cook's Motion for Summary Judgment (ECF No. 138 at 19). Cook cannot have it both ways. The third *Myers* factor also weighs in Thomas's favor.

### IV.    CONCLUSION

Cook is not entitled to attorneys' fees or expenses under 42 U.S.C. § 1113, 42 U.S.C. §§ 1988 and 2000e-f(k), and Tex. Lab. Code § 21.259. All require a finding of "frivolous," a determination that lies in the Court's discretion. While it is true in this case that Thomas's allegations ultimately fell short of a jury trial, the undersigned is unpersuaded that the claims were so knowingly groundless or without merit as to warrant an exception to the presumption against awarding fees to prevailing defendants. This was a hard-fought, contentious, and intensely litigated

employment discrimination case on both sides. Although Thomas was unsuccessful before the Court, his claims were not frivolous, groundless, unreasonable, or brought in bad faith. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Defendants' Motion ECF No. 138.

It is so **ORDERED** on March 13, 2023.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE